UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SUPERIOR MEDICAL RESPONSE INC.<br><br>Plaintiff<br><br>v.<br><br>CAPITOL SPECIALTY INSURANCE INC.<br><br>Defendant | ) ) ) ) ) ) ) ) ) ) ) | Case 1:20-cv-17452-RMB-AMD |

**ANSWER AND COUNTERCLAIM**

Defendant Capitol Specialty Insurance Corporation ("CSIC"), incorrectly identified in the caption as Capitol Specialty Insurance, Inc., hereby responds to Plaintiff's Complaint.[1] Any allegations not expressly admitted, denied, qualified or otherwise responded to in the following paragraphs are hereby denied.

**NATURE OF THE CLAIMS**

1. This paragraph contains a description of Plaintiff's claim to which no response is required. To the extent a response is deemed necessary, CSIC admits that Plaintiff filed an insurance coverage action against CSIC seeking declaratory relief. CSIC denies the remaining allegations in Paragraph 1.

2. Based upon information supplied by Plaintiff, CSIC admits that SMR, Inc. is a commercial entity in the business of patient transportation with a principal place of business at 20 Jobstown Juliustown Road, Jobstown, New Jersey 08041. CSIC lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 2.

---

[1] For convenience and ease of reference only, CSIC utilizes the headings appearing in Plaintiff's Complaint in providing its responses to the paragraphs contained therein.

3. CSIC admits that it is an insurance company. While Plaintiff fails to allege CSIC's citizenship in its Complaint, CSIC admits that it is incorporated in the State of Wisconsin and has its principal place of business in the State of Wisconsin.

**VENUE AND JURISDICTION**

4. The allegations in Paragraph 4 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, CSIC agrees that the Court has subject matter jurisdiction over this action.

5. The allegations in Paragraph 5 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, CSIC agrees that venue is proper in this District.

**FACTS**

6. Admitted in part, denied in part. CSIC admits that it issued Healthcare Organizations Professional Liability Insurance Policy No. MM20172316-02 to Superior Medical Response Inc. (the "Policy"), which, subject to its terms and conditions, provides professional liability, general liability, and sexual misconduct liability insurance coverage to covered insureds. In further response, CSIC states the policy issued to Plaintiff provides the best evidence of its terms, and CSIC denies the allegations of Paragraph 6 to the extent the allegations are inconsistent with the terms of the policy alleged therein.

7. Upon information and belief, CSIC admits that LogistiCare Solutions, LLC ("LogistiCare") was a company engaged in the business of transportation and operated within the State of New Jersey.

8. Upon information and belief, CSIC admits that LogistiCare and Plaintiff entered into a Transportation Agreement signed in 2013. CSIC lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 8.

9. Denied.

10. CSIC denies that Strategic Insurance Agency, Inc. was CSIC's agent in May 2018. CSIC lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 10. To the extent a response is required, CSIC denies the remaining allegations in Paragraph 10.

11. CSIC lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 11. To the extent a response is required, CSIC denies the allegations in Paragraph 11.

12. Admitted in part, denied in part. CSIC admits that a lawsuit was filed against Plaintiff and LogistiCare asserting the following causes of action: (1) negligence against SMR; (2) *respondeat superior* against SMR; (3) negligence against LogistiCare; (4) *respondeat superior* against LogistiCare; and (5) negligence against John Doe Defendants. CSIC denies the remaining allegations in Paragraph 12.

13. Admitted in part, denied in part. CSIC admits that on June 24, 2020, subject to a reservation of rights, it agreed to provide Superior Medical Response with a defense in the underlying lawsuit, including a defense to crossclaims asserted against Superior Medical Response by LogistiCare. CSIC further admits that it advised Superior Medical Response in the same correspondence that the Policy does not provide coverage for LogistiCare. CSIC denies the remaining allegations in Paragraph 13.

**COUNT ONE (Declaratory Judgment)**

14. CSIC repeats its responses to Paragraphs 1 through 13 above as if fully set forth herein.

15. Denied.

CSIC denies Plaintiff's demand for a declaratory judgment, attorneys fees, costs, expenses, or any relief whatsoever.

FURTHER ANSWERING, CSIC denies any and all allegations of breach of contract or unlawful insurance practice.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted against CSIC.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to join certain necessary and indispensable parties to this action.

**THIRD DEFENSE**

The applicable statute of limitations or laches may bar Plaintiff's claim.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, definitions, endorsements, limitations, and exclusions set forth in the Policy.

**FIFTH DEFENSE**

Plaintiff's claims may be barred, in whole or in part, because Plaintiff failed to meet its obligations and/or satisfy conditions precedent to its rights, if any, to benefits due under the Policy.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and unclean hands.

**SEVENTH DEFENSE**

CSIC has at all times exercised due care and acted reasonably and in good faith concerning any actions, conduct, or other matters alleged in the Complaint, or any purported claim asserted therein.

**EIGHTH DEFENSE**

CSIC's coverage interpretations and claims handling were and are reasonable as a matter of law and were not and are not unreasonable as a matter of law.

**NINTH DEFENSE**

CSIC reserves the right to assert any other affirmative defense that may become available from facts that are presently unknown to it.

**COUNTERCLAIM FOR DECLARATORY RELIEF**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant CSIC hereby asserts the following Counterclaim against Plaintiff Superior Medical Response Inc. ("SMR") and ModivCare LLC, formerly known as LogistiCare Inc. ("LogistiCare").[2]

**NATURE OF THE CLAIM**

1. This is a straightforward insurance coverage action. The insurance policy CSIC issued to SMR only provides coverage to defined Insureds. LogistiCare is not an Insured under the Policy. The Policy's definition of "Insured" includes a Blanket Additional Protected Persons clause that provides limited coverage for "Additional Protected Persons," which are other

---

[2] CSIC has contemporaneously filed a motion to join LogistiCare as a defendant to the counterclaim pursuant to Rules 13(h) and 19, or in the alternative 20, of the Federal Rules of Civil Procedure.

individuals or organizations that are required to be covered by written contract. Coverage is provided for such individuals and organizations only for the work an Insured performs in the course of the Insured's operations. The Transportation Agreement between SMR and LogistiCare does not require SMR to name LogistiCare as an "Additional Insured" on its (SMR's) professional liability insurance. For this reason, among others, LogistiCare is not covered under the insurance policy.

**PARTIES**

2. CSIC is a corporation domiciled in the State of Wisconsin and has its principal place of business in the State of Wisconsin.

3. Upon information and belief, SMR is a corporation organized under the laws of the State of New Jersey with its principal place of business in Jobstown, New Jersey.

4. Upon information and belief, LogistiCare is a corporation organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the parties and there is an actual controversy between the parties that exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). Upon information and belief, a substantial part of the events giving rise to the claims at issue in this action occurred in this District.

**THE POLICY**

7. CSIC issued Healthcare Organizations Professional Liability Insurance Policy No. MM20172316-02 (again, the "Policy") to SMR for the May 20, 2018 to May 20, 2019 Policy Period. A true and correct copy of the Policy is attached as Exhibit 1.

8. Subject to its terms and conditions, the Policy provides coverage under a Professional Liability Coverage Section ("PL Coverage Section"), a General Liability Coverage Section and a Sexual Misconduct Coverage Section.

**THE LAWSUIT**

9. On or about October 22, 2019, Thomas Tafrow filed a personal injury action styled *Thomas Tafrow v. Superior Medical Response, Inc., et al.*, Case No. MER-L-002057 in the Superior Court of New Jersey, Mercer County (the "Lawsuit").

10. SMR and LogistiCare are named as codefendants in the Lawsuit.

11. In the Lawsuit, Mr. Tafrow alleges that he suffered personal injuries when employees of SMR or LogistiCare dropped him while transporting him to a medical appointment.

12. Based on these allegations, Mr. Tafrow asserts the following causes of action: (1) negligence against SMR; (2) *respondeat superior* against SMR; (3) negligence against LogistiCare; (4) *respondeat superior* against LogistiCare; and (5) negligence against John Doe Defendants. Mr. Tafrow seeks damages, including punitive and exemplary damages.

13. In its answer, LogistiCare asserted a crossclaim against SMR for contribution and indemnification.

14. In its crossclaim, LogistiCare alleged that it entered into a Transportation Agreement with SMR and that SMR breached the terms of the Transportation Agreement by refusing its tender and failing to procure "appropriate insurance coverage."

**TENDER AND COVERAGE ASSESSMENTS**

15. SMR tendered the Lawsuit, including LogistiCare's crossclaim, to CSIC for coverage under the Policy.

16. Subject to a reservation of rights, CSIC agreed to provide SMR with a defense in the Lawsuit and against LogistiCare's crossclaim.

17. SMR requested that CSIC provide coverage for LogistiCare under the Policy.

18. The Policy provides coverage for those persons and entities that qualify as Insureds or Additional Protected Persons, as those terms are defined therein.

19. LogistiCare is not an Insured, as that term is defined in the Policy.

20. The Blanket Additional Protected Persons clause of the Policy's definition of Insured provides coverage, subject to the Policy's terms and conditions, for: "Other individuals or organizations when required to be covered by written contract, agreement, or permit…."

21. SMR relies on the Transportation Agreement between it and LogistiCare, signed in 2013, as support for its argument that LogistiCare is entitled to coverage under the Policy.

22. Because the Transportation Agreement does not require SMR to add LogistiCare as an "Additional Insured" to its (SMR's) professional liability insurance, LogistiCare does not qualify as an Additional Protected Person.

23. Coverage for Additional Protected Persons is limited only to the work an Insured performs in the course of the Insured's operations.

24. Even if LogistiCare qualified as an "Additional Protected Person" (which it does not), LogistiCare would not be entitled to coverage because the Lawsuit seeks to hold LogistiCare liable for its own alleged negligence (not the alleged negligence of the Insured, SMR).

25. As a result, on or about June 24, 2020, CSIC informed SMR and LogistiCare that LogistiCare is not entitled to coverage under the Policy and that CSIC would not provide LogistiCare with a defense in the Lawsuit.

26. SMR and LogistiCare dispute CSIC's coverage assessment as to LogistiCare.

27. Neither SMR nor LogistiCare dispute CSIC's coverage assessment as to SMR.

**COUNT I – DECLARATORY JUDGMENT**

28. CSIC repeats each and every allegation in Paragraphs 1 through __ of its Counterclaim as if fully set forth herein.

29. There is a genuine dispute and actual controversy and disagreement between CSIC, on the one hand, and SMR and LogistiCare, on the other hand, as to whether CSIC has a duty to defend or indemnify LogistiCare in the Lawsuit.

30. Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, CSIC requests that the Court declare that LogistiCare is not an Insured or Additional Protected Person under the Policy, and that CSIC has no obligation to defend or indemnify LogistiCare in connection with the Lawsuit.

**WHEREFORE**, CSIC respectfully requests that the Court enter judgment in its favor (and against SMR and LogistiCare) on Count I and:

1. Declare that LogistiCare is not an Insured or Additional Protected Person under the Policy, and that CSIC has no obligation to defend or indemnify LogistiCare in connection with the Lawsuit; and

2. Award CSIC such other and further relief as the Court may deem just and proper, including but not limited to reasonable and necessary attorneys' fees and costs.

Respectfully submitted,

**TROUTMAN PEPPER**

Kristin H. Jones
NJ Bar ID No. 016462000
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square,
Eighteenth and Arch Streets
Philadelphia, PA 19103

*Counsel for Capitol Specialty Insurance Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2021, a copy of the foregoing was filed and served electronically through the Court's CM/ECF System on the following:

Alexander Kadochnikov
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
akadochnikov@sbagk.com

*Counsel for Plaintiff*

Respectfully submitted,

**TROUTMAN PEPPER**

Kristin H. Jones
Troutman Pepper Hamilton Sanders LLP