UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SUPERIOR MEDICAL RESPONSE INC. )<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Plaintiff　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>　　v.　　　　　　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>CAPITOL SPECIALTY INSURANCE INC.)<br>　　　　　　　　　　　　　　　　　　 )<br>　　　　　　Defendant　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　　　 )<br>_____) | Case 1:20-cv-17452-RMB-AMD<br><br>Motion Day:　April 19, 2021 | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
TO JOIN ADDITIONAL PARTY TO COUNTERCLAIM**

Defendant Capitol Specialty Insurance Corporation ("CSIC") respectfully moves the Court for an order making ModivCare LLC, formerly known as LogistiCare Inc. ("LogistiCare"), a defendant to the counterclaim set upon CSIC's answer in this action, pursuant to Rule 13(h) of Federal Rules of Civil Procedure, on the ground that LogistiCare's presence is required under Rule 19(a) for the granting of complete relief in the determination of such counterclaim, and that jurisdiction of LogistiCare can be obtained and such joinder will not deprive this court of jurisdiction of the action.

Plaintiff Superior Medical Response, Inc. ("SMR") filed the Complaint initiating this declaratory judgment action on November 30, 2020 [ECF No. 1]. The gravamen of SMR's complaint is to resolve whether a third-party, LogistiCare, is entitled to coverage under an insurance policy that CSIC issued to SMR. *Id.* SMR does not explain the reasons for not joining LogistiCare as a party in the Complaint.

In its Answer, filed contemporaneously with this motion, CSIC has asserted a counterclaim against SMR pursuant to Rule 13 of the Federal Rules of Civil Procedure seeking a declaratory

judgment that LogistiCare is not covered by the insurance policy CSIC issued to SMR. According to Rule 13(h), a party filing a counterclaim may join an additional party when the conditions for joinder of parties under either Rule 19 or Rule 20 of the Federal Rules of Civil Procedure are met. FED. R. CIV. P. 13(h). Those conditions are satisfied here.

> Rule 19(a) provides in relevant part:
>
> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a). First, joining LogistiCare will not deprive the Court of subject-matter jurisdiction. The Court's subject-matter jurisdiction over this action is based on diversity. As noted in its Answer, CSIC is a citizen of Wisconsin and, upon information and belief, SMR is a citizen of New Jersey and LogistiCare is a citizen of both Georgia and Delaware for purposes of 28 U.S.C. § 1332(a). 28 U.S.C. § 1332(c). As a result, if LogistiCare is added as an additional party, the action will remain between citizens of different states and joinder will not destroy the Court's diversity jurisdiction.

Second, LogistiCare's joinder is required for a just and complete adjudication of the counterclaim. CSIC seeks a declaration that LogistiCare is not entitled to coverage under the terms and conditions of the insurance policy that CSIC issued to SMR. LogistiCare has claimed an

interest in the subject of the action in so far as it has asserted a crossclaim for indemnification against SMR in the underlying lawsuit and, consequently, SMR has sought coverage for LogistiCare under its (SMR's) professional liability policy. Proceeding in this action, on CSIC's counterclaim, in LogistiCare's absence would subject CSIC to a substantial risk of multiple actions or inconsistent judgments if LogistiCare seeks to assert a separate claim against CSIC based on the same insurance policy. As a result, LogistiCare must be joined here as a defendant to CSIC's counterclaim.

Moreover, even if joinder of LogistiCare is not required under Rule 19, it is permissible under Rule 20 of the Federal Rules of Civil Procedure. Rule 20 allows parties to be joined in an action as defendants "if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2)(B). CSIC's claims against SMR and LogistiCare are based on the same legal issues and factual allegations. The counterclaim involves the same underlying lawsuit, the same insurance policy, and the same contract between SMR and LogistiCare. As a result, permissive joinder of LogistiCare under Rule 20 is appropriate.

WHEREFORE, CSIC respectfully requests that the Court grant this motion and order that LogistiCare be made a defendant to the counterclaim asserted in CSIC's answer in this action. A proposed order is attached hereto for the Court's convenience.

                                                Respectfully submitted,

                                                **TROUTMAN PEPPER**

                                                Kristin H. Jones
                                                Troutman Pepper Hamilton Sanders LLP