## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

SUPERIOR MEDICAL RESPONSE, INC.              :
and MODIVCARE SOLUTIONS, L.L.C.              :
(f/k/a/ LogistiCare Solutions, L.L.C.)       : Civil Action No. 1:20-CV-17452-RMB
                                             :
    Plaintiffs/Counterclaim Defendants       :
                                             :
v.                                           :
                                             :
CAPITOL SPECIALTY INSURANCE, INC.            :
    Defendant/Counterclaim Plaintiff         :
_____

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S, MODIVCARE SOLUTIONS, L.L.C. (formerly LogistiCare Solutions, L.L.C.), ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF'S, CAPITOL SPECIALTY INSURANCE, INC., COUNTERCLAIM WITH AFFIRMATIVE DEFENSES, CLAIM FOR A DECLARATORY JUDGMENT AND CROSSCLAIM AGAINST PLAINTIFF, <u>SUPERIOR MEDICAL RESPONSE, INC.</u>**

      Plaintiff/Counterclaim Defendant, ModivCare Solutions, L.L.C. (formerly LogistiCare Solutions, L.L.C. and hereinafter referred to as "ModivCare"), hereby sets forth the following Answer to Defendant/Counterclaim Plaintiff's, Capitol Specialty Insurance, Corporation (incorrectly identified as Capitol Insurance, Inc. and hereinafter referred to as "Capitol Insurance") Counterclaim with Affirmative Defenses, Claim for Declaratory Judgment and Crossclaim against Plaintiff, Superior Medical Response, Inc., and in support thereof, avers as follows:

### <u>NATURE OF THE CLAIM</u>

      1.     Admitted in part and denied in part.  It is admitted only that the Policy provides coverage via a "Blanket Additional Protected Persons" provision.  It is further admitted that the Transportation Agreement between Superior Medical and ModivCare does not obligate Superior

Medical to add ModivCare as an additional insured to its professional liability insurance coverage.  Otherwise, denied.  It is denied, however, that ModivCare is not an insured under the Policy issued by Capitol Specialty.  By way of further response, to the extent the averments in this paragraph are conclusions of law, no response is required.

## PARTIES

2.     Denied.  ModivCare is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

3.     Denied.  ModivCare is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

4.     Admitted in part and denied in part.  LogistiCare Solutions, L.L.C. changed its name to ModivCare Solutions, L.L.C. on January 6, 2021.  It is admitted that ModivCare is incorporated in the State of Delaware with its principal place of business in Atlanta, Georgia.

## JURISDICTION AND VENUE

5.     Admitted.

6.     Admitted.

## THE POLICY

7.     Admitted.

8.     Admitted.

## THE LAWSUIT

9.     Admitted.

10.     Admitted.

11.     Denied as stated.  The Lawsuit filed by Thomas Tafrow alleges he sustained personal injuries when he was dropped from his wheelchair down his stairs.  It further alleges a claim of *Respondeat Superior* against ModivCare stating:  "*At all times relevant, the individuals who carried out the tortious conduct described herein which resulted in Mr. Tafrow's injuries, were carrying out these actions and/or inactions within the normal time, place, course and scope of their employment and/or agency relationship with LogistiCare....*"  See Complaint filed by Thomas Tafrow attached hereto as, Exhibit "A", ¶ 26 (emphasis added).  By way of further response, the Lawsuit is a document that speaks for itself.

12.     Admitted.  It is admitted only that the Lawsuit so alleges.

13.     Admitted.  By way of further response, ModivCare's Answer to the Lawsuit with crossclaims is a document that speaks for itself.

14.     Admitted.  By way of further response, ModivCare's Answer to the Lawsuit with crossclaims is a document that speaks for itself.

## TENDER AND COVERAGE ASSESSMENTS

15.     Admitted.

16.     Denied.  ModivCare is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

17.     Denied.  ModivCare is without knowledge or information sufficient to form a belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are denied.

18.     Denied as stated.  By way of further response, the Policy is a document that speaks for itself.

19.     Denied.  To the extent the averments in this paragraph are conclusions of law, no response is required.  To the extent the allegations in this paragraph are averments of fact, they are denied.  To the contrary, ModivCare is an Insured as defined by the Policy.  ModivCare further incorporates by reference its responses to Paragraph 11 as if fully set forth herein at length.

20.     Admitted.  It is admitted only that Capitol Specialty correctly quotes a portion of the Policy.

21.     Admitted.

22.     Admitted in part and denied in part.  It is admitted only that the Transportation Agreement does not require Superior Medical to add ModivCare as an additional insured to its professional liability insurance coverage.  Otherwise, denied.  The Policy, however, contains separate insuring agreements, including an endorsement providing General Liability Coverage.  The Policy further contains Common Policy Conditions, including "Blanket Additional Protected Persons" coverage, that applies to each insuring agreement and provides coverage to ModivCare.  Furthermore, to the extent the averments in this paragraph are conclusions of law, no response is required.

23.     Denied as stated.  To the extent the averments in this paragraph are conclusions of law, no response is required.  To the extent the allegations in this paragraph are averments of fact, they are denied.  ModivCare further incorporates by reference its responses to Paragraphs 11 and 22, above, as if fully set forth herein at length.

24.     Denied.  To the extent the averments in this paragraph are conclusions of law, no response is required.  To the extent the allegations in this paragraph are averments of fact, they are denied.  To the contrary, the Lawsuit seeks to impose liability on ModivCare arising out of

4

the conduct of those "*who carried out the tortious conduct described herein which resulted in*

*Mr. Tafrow's injuries, were carrying out these actions and/or inactions within the normal time,*

*place, course and scope of their employment and/or agency relationship with LogistiCare. . . ."*

See Exhibit "A", ¶ 26 (emphasis added).  By way of further response, the Lawsuit is a document

that speaks for itself.  Finally, ModivCare further incorporates by reference its responses to

Paragraphs 11 and 22, above, as if fully set forth herein at length.

25.     Admitted in part and denied in part.  It is admitted only that on June 24, 2020

Capitol Specialty issued correspondence declining coverage to ModivCare for the claims arising

out of the Lawsuit.  It is denied, however, that ModivCare is not entitled to coverage under the

Policy.  Finally, ModivCare further incorporates by reference its responses to Paragraphs 11 and

22, above, as if fully set forth herein at length.

26.     Admitted.

27.     Denied.  ModivCare is without knowledge or information sufficient to form a

belief as to the truth or accuracy of the averments in this paragraph and accordingly, they are

denied.

## COUNT I – DECLARATORY JUDGMENT

28.     ModivCare incorporates by references its responses to Paragraphs 1 through 27 as

if fully set forth herein at length.

29.     Admitted in part and denied in part.  It is admitted only that Capitol Specialty has

denied insurance coverage to ModivCare for the claims arising out of the Lawsuit.  It is denied,

however, that ModivCare is not entitled to coverage pursuant to the terms of the Policy.  Finally,

ModivCare further incorporates by reference its responses to Paragraphs 11 and 22 as if fully set

forth herein at length.

30.     Denied.  To the extent the averments in this paragraph are conclusions of law, no response is required.

WHEREFORE, Plaintiff/Counterclaim Defendant, ModivCare Solutions, L.L.C. (formerly known as LogistiCare Solutions, L.L.C.), requests judgment in its favor and against Defendant/Counterclaim Plaintiff, Capitol Specialty Insurance Corporation, along with costs and attorneys' fees and such other relief as the Court may deem just and appropriate in this matter.

1.     Denied.  To the extent the averments in this paragraph are conclusions of law, no response is required.

2.     Denied.  To the extent the averments in this paragraph are conclusions of law, no response is required.  By way of further response, it is specifically denied that Capitol Specialty is entitled to any relief.  To the contract, ModivCare is entitled to the recovery of all costs and expenses, including attorneys' fees, associated with both the underlying Lawsuit and the above-captioned litigation vis-a-vie its status as an Insured under the Policy.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant/Counterclaim Plaintiff's claims are precluded by the doctrine of laches.

### THIRD DEFENSE

Defendant/Counterclaim Plaintiff's claims are precluded by doctrines of estoppel and waiver.

**FOURTH DEFENSE**

Defendant/Counterclaim Plaintiff's claims are precluded by the terms, conditions, definitions and endorsements set forth in the Policy.

**FIFTH DEFENSE**

Defendant/Counterclaim Plaintiff's coverage interpretations and claims handling were not reasonable as a matter of law.

**SIXTH DEFENSE**

Defendant/Counterclaim Plaintiff failed to exercise due care and act reasonably and in good faith regarding its actions and conduct as alleged in the Complaint and ModivCare Solutions' Answer with affirmative claim.

**SEVENTH DEFENSE**

Defendant/Counterclaim Plaintiff's damages, if any, were caused by its own acts or omissions.

**EIGHTH AFFIRMATIVE DEFENSE**

Counterclaim Plaintiff sued its policyholder thereby placing it in a defensive posture and it is entitled, by operation of law, to its attorneys' fees, costs, disbursements and expenses for the defense of this action upon adjudication in its favor.

**NINTH AFFIRMATIVE DEFENSE**

Defendant/Counterclaim Plaintiff's claim is barred due to its breach of the implied covenant of good faith and fair dealing.

**TENTH DEFENSE**

ModivCare Solutions reserves the right to assert any other additional affirmative defenses that may become available as this litigation proceeds.

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S, MODIVCARE SOLUTIONS, L.L.C., CLAIM FOR DECLARATORY RELIEF AGAINST DEFENDANT/COUNTERCLAIM PLAINTIFF, CAPITOL SPECIALTY INSURANCE CORPORATION**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure Plaintiff/Counterclaim Defendant, ModivCare Solutions, L.L.C., hereby sets forth the following claim for Declaratory Relief against Defendant/Counterclaim Plaintiff, Capitol Specialty Insurance Corporation and in support thereof avers as follows:

## NATURE OF THE CLAIM

1.      ModivCare Solutions incorporates by reference its responses as set forth above as if fully set forth herein at length.

2.      This litigation involves an insurance coverage dispute arising out of an insurance policy issued by Capitol Specialty with policy number MM20172316-02 and effective dates from May 20, 2018 through May 20, 2019 (hereinafter referred to as the "Policy").  See Capitol Insurance Policy attached hereto as, Exhibit "B".

## PARTIES

3.      ModivCare is a corporation organized under the laws of the State of Delaware with its principal place of business located in Atlanta, Georgia.

4.      ModivCare is a wholly owned subsidiary of ModivCare, Inc.

5.      ModivCare, Inc. is organized under the laws of the State of Delaware with its principal place of business located in Atlanta, Georgia.

6.      Upon information and belief Capitol Specialty is a corporation organized under the laws of the State of Wisconsin with its principal place of business located within the State of Wisconsin.

7.      Upon information and belief Superior Medical is organized under the laws of the State of New Jersey with its principal place of business located in Jobstown, New Jersey.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

9.      There is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to the claims at issue in this litigation occurred within this District.

## THE POLICY

11.     Capitol Specialty sold to Superior Medical an insurance policy with policy number MM20172316-02 and a policy period from May 20, 2018 through May 20, 2019 (hereinafter referred to as the "Policy").  See Exhibit "B".

12.     Superior Medical is identified as named insured under the Policy.

13.     The Policy consists of three (3) separate insuring agreements: professional liability, general liability and sexual misconduct liability.  See id.

14.     The Policy further provides "Common Policy Provisions" that apply to each insuring agreement with such provision providing "Blanket Additional Protected Person" coverage which states as follows:

> Other individuals or organizations when required to be covered by written contract, agreement, or permit, provided the written contract, agreement, or permit is executed prior the Claim being made.  Coverage is provided for such individuals or organizations only for the work an insured performs in the courts of the insured's operations.  They will share in the applicable limits of liability for any covered Claim.  Loss paid on their behalf will reduced and may exhaust any applicable limit of liability under this Policy.  In

9

no circumstances will this Policy provide coverage for any such individuals' or organizations' own negligence, work or conduct.

See Exhibit "B", Healthcare Organizations Common Policy Conditions, pp. 1-2.

## THE UNDERLYING LAWSUIT

15.     On or about October 22, 2019, Thomas Tafrow filed a personal injury action captioned Thomas Tafrow v. Superior Medical, Inc., et al., Docket No.: MER-L-002057, in the Superior Court of New Jersey, Mercer County.  See Exhibit "A".

16.     Both Superior Medical and ModivCare Solutions (formerly LogistiCare Solutions, L.L.C.) are named as defendants in the Complaint filed by Thomas Tafrow.  See id.

17.     The Lawsuit filed by Thomas Tafrow alleges he sustained personal injuries when he was dropped from his wheelchair down his stairs.  See Exhibit "A", ¶ 6.

18.     The Lawsuit alleges that "*[a]t all times relevant, the individuals who carried out the tortious conduct described herein which resulted in Mr. Tafrow's injuries were employees and/or agents of LogistiCare*."  See Exhibit "A", ¶ 23 (emphasis added).

19.     The Lawsuit further states:  "[a]*t all times relevant, the individuals who carried out the tortious conduct described herein which resulted in Mr. Tafrow's injuries, were conducting such action and/or inactions, due to their employment and/or agency relationship with LogistiCare*".  See Exhibit "A", ¶ 24 (emphasis added).

20.     The Lawsuit additionally alleges:  "[a]*t all times relevant, the individuals who carried out the tortious conduct described herein which resulted in Mr. Tafrow's injuries, were carrying out the type of actions for which they were employed to perform and/or the types of actions which were the subject of their agency relationship*".  See Exhibit "A", ¶ 25 (emphasis added).

21.     In further support of his claim against ModivCare for *Respondeat Superior* Plaintiff alleges:  "[a]*t all times relevant, the individuals who carried out the tortious conduct described herein which resulted in Mr. Tafrow's injuries, were carrying out these actions and/or inactions within the normal time, place, course and scope of their employment and/or agency relationship with LogistiCare….*"  See Exhibit "A", ¶ 26 (emphasis added).

## TENDER AND DENIAL OF COVERAGE

22.     The Policy provides "Blanket Additional Protected Person" coverage which states as follows:

> Other individuals or organizations when required to be covered by written contract, agreement, or permit, provided the written contract, agreement, or permit is executed prior the Claim being made.  Coverage is provided for such individuals or organizations only for the work an insured performs in the courts of the insured's operations.  They will share in the applicable limits of liability for any covered Claim.  Loss paid on their behalf will reduced and may exhaust any applicable limit of liability under this Policy.  In no circumstances will this Policy provide coverage for any such individuals' or organizations' own negligence, work or conduct.

See Exhibit "B", Healthcare Organizations Common Policy Conditions, pp. 1-2.

23.     Superior Medical Response, Inc. ("Superior Medical") entered into a contract agreement with ModivCare in 2013 (hereinafter referred to as the "Transportation Agreement") whereby Superior Medical agreed to provide, *inter alia*, non-emergency medical transportation services in the State of New Jersey to qualified individuals.  See Transportation Agreement attached hereto as, Exhibit "C".

24.     The Transportation Agreement obligates Superior Medical to obtain coverage for ModivCare as an additional insured under Superior Medical's policy and provides in relevant part:

Insurance.  Provider shall maintain the following minimum levels of insurance throughout the term of the Agreement.  All insurance coverage, except Workers' Compensation, shall name LGTC and the Client as "Additional Insured" and shall be primary with respect to claims and co-insurance determinations…Concurrently with executing this Agreement the Provider shall submit to LGTC certificates of insurance from its agent or carrier listing LGTC as "Certificate Holder" as well as LGTC and the Client as "Additional Insured"... The certificate of insurance submitted to LGTC shall confirm that the Comprehensive General Liability policy provides coverage for sexual abuse and molestation and shall confirm that the Vehicle Insurance policy provides coverage for "Any Auto".  Provider agrees that LGTC may communicate directly with its insurance agent or carrier to confirm details or obtain clarification of Provider's insurance coverage or policy terms.

(i)     Vehicle Insurance.

Taxis, Sedans and Multi-Passenger Vans and Wheelchair Vans:  The required amount of insurance is the greater of the amount required by city or county ordinance for taxis or $1,000,000 per occurrence per accident.  The insurance policy must cover "Any Auto".

Ambulances:  The required amount of insurance is the greater of the amount required by city, county, or State ordinance or regulation, or $1,000,000 per occurrence per accident.

ii) Comprehensive General Liability Coverage.  $1,000,000, with "Broad Form" coverage including contractual liabilities as well as liabilities for sexual abuse and molestation.

See Transportation Agreement, Sections (3)(j), (3)(j)(i) and (3)(j)(ii), attached hereto as,

Exhibit "C".

25.     ModivCare is an Insured as defined by the Policy's Blanket Additional Protected

Persons clause.

26.     ModivCare tendered the Lawsuit with a demand for defense and indemnification

to Capitol Specialty under the Policy.

27.     Capitol Specialty denied ModivCare's demand for defense and indemnification.

28.     Capitol Specialty alleges that the Lawsuit does not seek to hold ModivCare liable

for Superior Medical's negligence.

12

29.     Capitol Specialty's denial of coverage disregards the plain language of the Lawsuit whereby Thomas Tafrow alleges:  "[a]*t all times relevant, the individuals who carried out the tortious conduct described herein which resulted in Mr. Tafrow's injuries, were carrying out these actions and/or inactions within the normal time, place, course and scope of their employment and/or agency relationship with LogistiCare….*"  <u>See</u> Exhibit "A", ¶ 26 (emphasis added).

30.     The underlying Lawsuit seeks to impose liability on ModivCare for the acts or omissions of the "individual[]… who carried out the tortious conduct…" whose "*actions and/or inactions within the normal time, place, course and scope of their employment and/or agency relationship with LogistiCare….*"  <u>See</u> Exhibit "A", ¶ 26 (emphasis added).

31.     Superior Medical has admitted to transporting Plaintiff in his wheelchair down Plaintiff's steps at the time of the incident at issue.

32.     Thomas Tafrow has alleged in the underlying Lawsuit a claim against ModivCare under *Respondeat Superior* for Superior Medical's conduct.

33.     The allegations of the complaint in the underlying Lawsuit have triggered coverage to ModivCare for defense and indemnification pursuant to the Policy.

34.     Capitol Specialty has a duty to defend and indemnify ModivCare in the underlying Lawsuit.

## <u>COUNT I – DECLARATORY JUDGMENT</u>

35.     ModivCare incorporates by reference each and every allegation in the above Paragraphs as if fully set forth herein at length.

36.     There is a genuine dispute and actual controversy between Capitol Insurance and ModivCare Solutions as to whether Capitol Insurance has a duty to defend and indemnify ModivCare in the underlying Lawsuit.

37.     Capitol Specialty has denied coverage to ModivCare and refuses to defend and indemnify ModivCare in the underlying Lawsuit as it is obligated to do pursuant to the terms of the Policy.

38.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, ModivCare requests that the Court declare that ModivCare is an Insured and/or Additional Protected Person under the Policy and that Capitol Specialty is obligated to defend and indemnify ModivCare in connection with the underlying Lawsuit.

WHEREFORE, ModivCare Solutions, L.L.C. (formerly LogistiCare Solutions, L.L.C.) request that this Court enter judgment in its favor and against Capitol Specialty Insurance Corporation on Count I and:

(a).     Declare that ModivCare is an Insured or Additional Protected Person under the Policy and that Capitol Specialty Insurance Corporation is obligated to defend and indemnify ModivCare Solutions, L.L.C. in connection with the underlying Lawsuit; and,

(b).     Award ModivCare Solutions such other relief as the Court may deem just and appropriate, including, but not limited to, attorneys' fees, costs, pre-judgment interest and post-judgment interest.

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S, MODIVCARE SOLUTIONS, L.L.C., CROSSCLAIM FOR BREACH OF CONTRACT FOR FAILURE TO PROCURE INSURANCE COVERAGE AGAINST PLAINTIFF/COUNTERCLAIM DEFENDANT, <u>SUPERIOR MEDICAL RESPONSE, INC.</u>**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaim Defendant, ModivCare Solutions, L.L.C., hereby sets forth the following Crossclaim against Plaintiff/Counterclaim Defendant, Superior Medical, and in support thereof avers as follows:

1.      ModivCare incorporates by reference all of the above allegations as if fully set forth herein at length.

2.      Without admitting any of the legal claims referenced in Capitol Specialty's Counterclaim, which are strictly denied, ModivCare further incorporates by reference Capitol Specialty's Counterclaim as if fully set forth herein at length.

3.      Should Capitol Specialty prevail upon its counterclaim against ModivCare, which is strictly denied, then ModivCare seeks damages from Superior Medical due to its breach of contract.

4.      ModivCare and Superior Medical entered into a Transportation Agreement whereby Superior Medical agreed to provide, *inter alia*, non-emergency medical transportation services in the State of New Jersey to qualified individuals.  See Exhibit "C".

5.      The Transportation Agreement states in pertinent part as follows at paragraph (3) (j):

Insurance.  Provider shall maintain the following minimum levels of insurance throughout the term of the Agreement.  All insurance coverage, except Workers' Compensation, shall name LGTC and the Client as "Additional Insured" and shall be primary with respect to claims and co-insurance determinations.  Insurance policies shall indicate that LGTC will be informed in writing at least 30 days prior to any termination of or change in insurance coverage.  Concurrently with executing this Agreement the Provider shall submit to LGTC certificates of insurance from its agent or carrier listing LGTC as "Certificate Holder" as well as LGTC and the Client as "Additional Insured".  Provider shall submit additional certificates of insurance from its agent or carrier immediately upon the renewal of or change to such insurance coverage.  The certificate of insurance submitted to LGTC shall confirm that the Comprehensive General Liability policy provides coverage for sexual abuse and molestation and shall confirm that the Vehicle Insurance policy provides coverage for "Any Auto".  Provider agrees that LGTC

may communicate directly with its insurance agent or carrier to confirm details or obtain clarification of Provider's insurance coverage or policy terms.

(ii)   Vehicle Insurance.

Taxis, Sedans and Multi-Passenger Vans and Wheelchair Vans:  The required amount of insurance is the greater of the amount required by city or county ordinance for taxis or $1,000,000 per occurrence per accident.  The insurance policy must cover "Any Auto".

Ambulances:  The required amount of insurance is the greater of the amount required by city, county, or State ordinance or regulation, or $1,000,000 per occurrence per accident.

ii) Comprehensive General Liability Coverage.  $1,000,000, with "Broad Form" coverage including contractual liabilities as well as liabilities for sexual abuse and molestation.

See Exhibit "C", Sections (3)(j) and (3)(j)(i) and (3)(j)(ii).

6.       ModivCare believes, and therefore avers, that Superior Medical Response, Inc. failed to procure the appropriate insurance coverage required by the Transportation Agreement.

7.       Accordingly, for the reasons set forth above, Superior Medical Response, Inc. is in breach of the Transportation Agreement, including but not limited to, subsections (3)(j) and (3)(j)(i) and (3)(j)(ii).

8.       As a result of Superior Medical Response, Inc.'s failure to procure the insurance required by the Transportation Agreement, ModivCare has incurred damages including attorneys' fees and costs and face a potential award and/or judgment from Thomas Tafrow in the underlying Lawsuit or the costs associated with any potential settlement.

WHEREFORE, Plaintiff/Counterclaim Defendant, ModivCare Solutions, L.L.C., demands judgment in its favor and against Plaintiff/Counterclaim Defendant, Superior Medical Response, Inc.  Plaintiff/Counterclaim/Defendant, ModivCare Solutions, L.L.C., further demands that Plaintiff/Counterclaim Defendant, Superior Medical Response, Inc., indemnify,

defend and hold harmless Plaintiff/Counterclaim Defendant, ModivCare Solutions, L.L.C., along

with costs, attorneys' fees, pre-judgment interest and post-judgment interest, along with such

other relief as the Court may deem just and appropriate in this matter.

 

**REGER RIZZO & DARNALL, L.L.P.**

BY:    */s/ JASON T. LAROCCO*
        **JASON T. LaROCCO, ESQUIRE**
        NJ Bar ID No.:  019262001
        The Cira Centre, Suite 1300
        2929 Arch St., Philadelphia, PA, 19104
Dated: May 20, 2021        Attorney for Plaintiff/Counterclaim Defendant,
        ModivCare Solutions, L.L.C.