UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

SUPERIOR MEDICAL RESPONSE, INC. :
and MODIVCARE SOLUTIONS, L.L.C. :
(f/k/a/ LogistiCare Solutions, L.L.C.) : Civil Action No. 1:20-CV-17452-RMB
 :
  Plaintiffs/Counterclaim Defendants/ :
  Cross-Defendant :
 :
v. :
 :
CAPITOL SPECIALTY INSURANCE, INC. :
  Defendant/Counterclaim Plaintiff :

---

**JOINT MOTION FOR ADDITIONAL 60-DAY STAY OF ACTION**

The Parties to the above-captioned action respectfully move the Court for an order staying all proceedings and deadlines for an additional 60-days, pursuant to Federal Rule of Civil Procedure 26 and the Court's inherent power to control its docket. In support of its motion, the Parties state as follows:

Plaintiff Superior Medical Response, Inc. ("SMR") filed the Complaint initiating this declaratory judgment action on November 30, 2020 [ECF No. 1]. The gravamen of this action is to resolve whether ModivCare Solutions, L.L.C., f/k/a LogistiCare Solutions, L.L.C. ("LogistiCare"), is entitled to coverage under an insurance policy that Capitol Specialty Insurance Corporation ("CSIC") issued to SMR. As alleged in the Complaint, this coverage dispute stems from an underlying negligence action brought by Thomas Tafrow against SMR and LogistiCare in the Superior Court of New Jersey. Compl. [ECF No. 1] at ¶¶ 12-13; LogistiCare Answer, Ex. A [ECF No. 31-2]. In late May 2021 the Parties' learned that Mr. Tafrow had died. At that time, no personal representative had been appointed on behalf of Mr. Tafrow's estate and a party had

not been substituted for the deceased plaintiff in the underlying action. On June 1, 2021, the Parties filed a Joint Motion For 60-Day Stay of Action [ECF No. 34]. The Motion was heard during a telephonic conference on June 2, 2021 [ECF No. 35], and granted that same day [ECF No. 36].

The Parties recently were informed that a personal representative for Mr. Tafrow's Estate has not yet been appointed. The Parties understand that a personal representative is likely to be appointed within the next forty-five days.

The Court has discretion to stay an action pending before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In particular, the Court may "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. May 28, 2014) (citations omitted) (quoting *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). The factors relevant to the Court's decision whether to grant a stay include: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. *Akishev*, 23 F. Supp. 3d at 446.

In the present dispute, the Parties agree that extending the stay for an additional 60 days will not prejudice or present a tactical disadvantage to any side, and this action is in its infancy – a scheduling conference has not yet been held and no trial date has been set – thus further reducing any risk of unanticipated prejudice. Moreover, the Parties agree that extending the stay is warranted under the circumstances present here to allow (1) the procedural implications of Mr. Tafrow's death to be addressed in the underlying matter; and (2) acceptance or rejection of a

settlement offer that remains outstanding in the underlying matter.  The resolution of those issues may result in clarification of certain issues relevant to this matter and possibly aid the informal resolution of this matter.  As a result, extending the stay may reduce costs, promote efficiency, and avoid the expense of unnecessary litigation.  The Parties submit that for the reasons stated above good cause exists for the request to extend the stay an additional 60-days.

WHEREFORE, the Parties respectfully request that the Court grant this motion and issue an Order staying this action for an additional 60-days, including vacatur of the telephone hearing that is currently set for July 29, 2021.  Pursuant to Local Civil Rule 7.1(d)(4), the Parties submit that no brief is necessary because this is a joint motion.  A proposed order is attached hereto for the Court's convenience.

Respectfully submitted,

**TROUTMAN PEPPER**

Kristin H. Jones
NJ Bar ID No. 016462000
Jordan M. Rubinstein
*Admitted Pro Hac Vice*
Shermineh C. Jones
*Admitted Pro Hac Vice*
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square,
Eighteenth and Arch Streets
Philadelphia, PA  19103

*Counsel for Capitol Specialty Insurance Corporation*

**REGER RIZZO & DARNALL, L.L.P.**

BY:     ***Jason T. LaRocco    /s/***
            Jason T. LaRocco, Esquire
            The Cira Centre, 13th Floor
            2929 Arch St., Philadelphia, PA, 19104
            Phone: (215) 495-6505
            jlarocco@regerlaw.com

            *Counsel for Plaintiff/Counterclaim*
            *Defendant, ModivCare Solutions, L.L.C.*

**SHIRYAK, BOWMAN, ANDERSON,**
**GILL & KADOCHNIKOV, LLP**

BY:     /s/ Alexander Kadochnikov/scj
            Alexander Kadochnikov
            80-02 Kew Gardens Road, Suite 600
            Kew Gardens, NY 11415
            718-577-3261
            Attorney ID # 053142013

            *Counsel for the Plaintiff*

Dated: July 19, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 19, 2021, a copy of the foregoing was filed and served

electronically through the Court's CM/ECF System on the following:

Alexander Kadochnikov
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
akadochnikov@sbagk.com
*Counsel for SMR*

Jason T. LaRocco
The Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA 19104
jlarocco@regerlaw.com
*Counsel for ModivCare Solutions, L.L.C.*
*(formerly, LogistiCare Solutions, L.L.C.)*

Respectfully submitted,

**TROUTMAN PEPPER**

Kristin H. Jones
Troutman Pepper Hamilton Sanders LLP