UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPERIOR MEDICAL RESPONSE, INC. and MODIVCARE SOLUTIONS, L.L.C. (f/k/a/ LogistiCare Solutions, L.L.C.) | : <br> : <br> : Civil Action No. 1:20-CV-17452-RMB <br> : |
| Plaintiffs/Counterclaim Defendants/ Cross-Defendant | : <br> : <br> : |
| v. | : <br> : |
| CAPITOL SPECIALTY INSURANCE, INC. Defendant/Counterclaim Plaintiff | : <br> : |

**JOINT MOTION FOR ADDITIONAL 45-DAY STAY OF ACTION**

The Parties to the above-captioned action respectfully move the Court for an order staying all proceedings and deadlines for an additional 45-days, pursuant to Federal Rule of Civil Procedure 26 and the Court's inherent power to control its docket. In support of its motion, the Parties state as follows:

Plaintiff Superior Medical Response, Inc. ("SMR") filed the Complaint initiating this declaratory judgment action on November 30, 2020 [ECF No. 1]. The gravamen of this action is to resolve whether ModivCare Solutions, L.L.C., f/k/a LogistiCare Solutions, L.L.C. ("LogistiCare"), is entitled to coverage under an insurance policy that Capitol Specialty Insurance Corporation ("CSIC") issued to SMR. As alleged in the Complaint, this coverage dispute stems from an underlying negligence action brought by Thomas Tafrow against SMR and LogistiCare in the Superior Court of New Jersey. Compl. [ECF No. 1] at ¶¶ 12-13; LogistiCare Answer, Ex. A [ECF No. 31-2]. In late May 2021, the Parties learned that Mr. Tafrow had died. At that time, no personal representative had been appointed on behalf of Mr. Tafrow's estate and a party had

not been substituted for the deceased plaintiff in the underlying action. On June 1, 2021, the Parties filed a Joint Motion For 60-Day Stay of Action [ECF No. 34]. The Motion was heard during a telephonic conference on June 2, 2021 [ECF No. 35], and granted that same day [ECF No. 36]. On July 19, 2021, the Court extended the stay for an additional 60-days [ECF No. 41]. On September 13, 2021, the Court extended the stay for additional 90-days [ECF No. 44]. On December 17, 2021, the Parties filed an additional motion for a 30-day stay [ECF No. 46.] On December 17, 2021 the Court extended the stay for an additional 30 days.

The Parties have been informed that the underlying negligence matter in the Superior Court of New Jersey has settled in principle. The Parties have learned that a personal representative for Mr. Tafrow's estate will be sworn in the week of January 17, 2022. Prior to approving the settlement, Mr. Tafrow's estate administrator will need to get bonded and review the file which will likely take some time.

The Court has discretion to stay an action pending before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In particular, the Court may "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. May 28, 2014) (citations omitted) (quoting *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). The factors relevant to the Court's decision whether to grant a stay include: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. *Akishev*, 23 F. Supp. 3d at 446.

In the present dispute, the Parties agree that a stay will not prejudice or present a tactical disadvantage to any side, and this action is in its infancy – a scheduling conference has not yet been held and no trial date has been set – thus further reducing any risk of unanticipated prejudice. Moreover, the Parties agree that a stay is warranted under the circumstances present here to allow the settlement of the underlying negligence matter to be finalized. The resolution of those issues will result in clarification of certain issues relevant to this matter and possibly aid the informal resolution of this matter. As a result, a stay may reduce costs, promote efficiency, and avoid the expense of unnecessary litigation. The Parties submit that good cause exists for the requested 45-day extension of the stay for the reasons stated above.

WHEREFORE, the Parties respectfully request that the Court grant this motion and issue an Order staying this action for an additional 45-days. Pursuant to Local Civil Rule 7.1(d)(4), the Parties submit that no brief is necessary because this is a joint motion. A proposed order is attached hereto for the Court's convenience.

Respectfully submitted,

**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**

BY: /s/ Kadochnikov
Alexander Kadochnikov
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
718-577-3261
Attorney ID # 053142013

*Counsel for the Plaintiff*

**REGER RIZZO & DARNALL, L.L.P.**

BY: /s/LaRocco
Jason T. LaRocco, Esquire
The Cira Centre, 13th Floor

        2929 Arch St., Philadelphia, PA, 19104
        Phone: (215) 495-6505
        jlarocco@regerlaw.com

*Counsel for Plaintiff/Counterclaim Defendant, ModivCare Solutions, L.L.C.*


**TROUTMAN PEPPER**


/s/Jones_____
Kristin H. Jones
NJ Bar ID No. 016462000
Jordan M. Rubinstein
*Admitted Pro Hac Vice*
Shermineh C. Jones
*Admitted Pro Hac Vice*
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square,
Eighteenth and Arch Streets
Philadelphia, PA  19103

*Counsel for Capitol Specialty Insurance Corporation*

Dated: January 18, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2022, a copy of the foregoing was filed and served electronically through the Court's CM/ECF System on the following:

Jason T. LaRocco
The Cira Centre, 13th Floor
2929 Arch Street
Philadelphia, PA 19104
jlarocco@regerlaw.com
*Counsel for ModivCare Solutions, L.L.C.*
*(formerly, LogistiCare Solutions, L.L.C.)*

Shermineh C. Jones
*Admitted Pro Hac Vice*
3000 Two Logan Square,
Eighteenth and Arch Streets
Philadelphia, PA  19103

Respectfully submitted,

**Shiryak, Bowman, Anderson,
Gill & Kadochnikov, LLP**

_____
Alexander Kadochnikov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPERIOR MEDICAL RESPONSE, INC. and MODIVCARE SOLUTIONS, L.L.C. (f/k/a/ LogistiCare Solutions, L.L.C.) | : <br> : <br> : Civil Action No. 1:20-CV-17452-RMB <br> : |
| Plaintiffs/Counterclaim Defendants/ Cross-defendant | : <br> : <br> : |
| v. | : <br> : |
| CAPITOL SPECIALTY INSURANCE, INC. Defendant/Counterclaim Plaintiff | : <br> : |

**PROPOSED ORDER**

Upon consideration of the Parties' Joint Motion for Additional 45-Day Stay of Action, and the entire record herein, and it appearing to the Court that good cause exists for the relief requested, it is by the Court this day of _____ , 2022,

ORDERED that the Motion is hereby GRANTED for the good cause shown; and it is,

FURTHER ORDERED that the action is STAYED for 45 days until March 4, 2022; and it is,

FURTHER ORDERED that the Parties shall file a status report on or before March 1, 2022, 2022 advising the Court as to whether the STAY should be lifted or extended; and it is,

SO ORDERED.

                                                        JUDGE CHRISTINE P. O'HEARN
                                                        U.S. District Court for the
                                                        District of New Jersey