UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPERIOR MEDICAL RESPONSE, INC. and MODIVCARE SOLUTIONS, L.L.C. (f/k/a/ LogistiCare Solutions, L.L.C.) | : : : Civil Action No. 1:20-CV-17452-CPO |
| Plaintiffs/Counterclaim Defendants/ Cross-Defendant | : : : : |
| v. | : : |
| CAPITOL SPECIALTY INSURANCE, INC. Defendant/Counterclaim Plaintiff | : : |

**JOINT MOTION FOR ADDITIONAL 45-DAY STAY OF ACTION**

The Parties to the above-captioned action respectfully move the Court for an order staying all proceedings and deadlines for an additional 45-days, pursuant to Federal Rule of Civil Procedure 26 and the Court's inherent power to control its docket. In support of its motion, the Parties state as follows:

Plaintiff Superior Medical Response, Inc. ("SMR") filed the Complaint initiating this declaratory judgment action on November 30, 2020 [ECF No. 1]. The gravamen of this action is to resolve whether ModivCare Solutions, L.L.C., f/k/a LogistiCare Solutions, L.L.C. ("LogistiCare"), is entitled to coverage under an insurance policy that Capitol Specialty Insurance Corporation ("CSIC") issued to SMR. As alleged in the Complaint, this coverage dispute stems from an underlying negligence action brought by Thomas Tafrow against SMR and LogistiCare in the Superior Court of New Jersey. Compl. [ECF No. 1] at ¶¶ 12-13; LogistiCare Answer, Ex. A [ECF No. 31-2]. In late May 2021, the Parties learned that Mr. Tafrow had died. At that time, no personal representative had been appointed on behalf of Mr. Tafrow's estate and a party had

not been substituted for the deceased plaintiff in the underlying action. On June 1, 2021, the Parties filed a Joint Motion For 60-Day Stay of Action [ECF No. 34]. The Motion was heard during a telephonic conference on June 2, 2021 [ECF No. 35], and granted that same day [ECF No. 36]. On July 19, 2021, the Court extended the stay for an additional 60-days [ECF No. 41]. On September 13, 2021, the Court extended the stay for additional 90-days [ECF No. 44]. On December 17, 2021, the Parties filed an additional motion for a 30-day stay [ECF No. 46.]. On December 17, 2021 the Court extended the stay for an additional 30 days. On January 20, 2022 the Court extended the stay for an additional 45 days. [ECF 48]. On March 3, 2022 the Court further extended the stay for an additional 45 days until April 15, 2022. [ECF No. 50].

Since the last Motion seeking to extend the current stay, Plaintiff's counsel for the Tafrow Estate has received a proposed General Release from the underlying Defendants. That Release, however, has not yet been executed. While the underlying negligence matter in the Superior Court of New Jersey remains settled in principle, the Parties at this time prefer to continue the current stay an additional 45 days to confirm that Tafrow's Estate has agreed to the settlement. Final resolution of the underlying negligence matter would also allow for the narrowing of issues in the present litigation.

The Court has discretion to stay an action pending before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In particular, the Court may "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. May 28, 2014) (citations omitted) (quoting *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). The factors relevant to the Court's decision whether to grant a stay include: (1) whether a stay would

unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.  *Akishev*, 23 F. Supp. 3d at 446.

In the present dispute, the Parties agree that a stay will not prejudice or present a tactical disadvantage to any side, and this action is in its infancy – a scheduling conference has not yet been held and no trial date has been set – thus further reducing any risk of unanticipated prejudice. Moreover, the Parties agree that a stay is warranted under the circumstances present here to allow the settlement of the underlying negligence matter to be finalized.  The resolution of those issues will result in clarification of certain issues relevant to this matter and possibly aid the informal resolution of this matter.  As a result, a stay may reduce costs, promote efficiency, and avoid the expense of unnecessary litigation.  The Parties submit that good cause exists for the requested 45-day extension of the stay for the reasons stated above.

WHEREFORE, the Parties respectfully request that the Court grant this motion and issue an Order staying this action for an additional 45-days.  Pursuant to Local Civil Rule 7.1(d)(4), the Parties submit that no brief is necessary because this is a joint motion.  A proposed order is attached hereto for the Court's convenience.

Respectfully submitted,

**SHIRYAK, BOWMAN, ANDERSON,
GILL & KADOCHNIKOV, LLP**

BY: *Alexander Kadochnikov* /s/
_____
Alexander Kadochnikov
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415

          718-577-3261
          Attorney ID # 053142013

*Counsel for the Plaintiff/Counterclaim Defendant, Superior Medical Response, Inc.*

**REGER RIZZO & DARNALL, L.L.P.**

BY: *Jason T. LaRocco /s/*

Jason T. LaRocco, Esquire
The Cira Centre, 13th Floor
2929 Arch St., Philadelphia, PA, 19104
Phone: (215) 495-6505
jlarocco@regerlaw.com

*Counsel for Plaintiff/Counterclaim Defendant, ModivCare Solutions, L.L.C.*

**TROUTMAN PEPPER**

BY: *Kristin H. Jones /s/*

Kristin H. Jones
NJ Bar ID No. 016462000
Jordan M. Rubinstein
*Admitted Pro Hac Vice*
Shermineh C. Jones
*Admitted Pro Hac Vice*
Troutman Pepper
3000 Two Logan Square,
Eighteenth and Arch Streets
Philadelphia, PA, 19103

*Counsel for Defendant/Counterclaim Plaintiff, Capitol Specialty Insurance Corporation*

Dated: April 11, 2022