**ORDER CONCERNING SETTLEMENT CONFERENCES**
MAGISTRATE JUDGE ANN MARIE DONIO

<u>Chambers</u>                                                      <u>Judicial Assistant</u>
United States District Court                        Sharon L. Crescenti
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse        <u>Deputy Clerk</u>
4th & Cooper Streets, Room 6020                             Susan Bush
Camden, New Jersey 08101
Tel: 856-757-5211
Fax: 856-757-5296
Courtroom: 3B

**Unless otherwise directed by the Court, the following Order shall govern settlement conferences conducted by this Court in this action:**

1. **Venue:** All settlement conferences shall be conducted in **Courtroom 3B** of the Mitchell H. Cohen Building & U.S. Courthouse, <u>**unless otherwise directed by the Court**</u> and convened in accordance with the corresponding scheduling and/or text order.

2. **Settlement Discussions:** Some discussions during settlement conferences may be conducted *ex parte* in part with consent of the parties.

3. **Settlement Memoranda:** Counsel shall submit settlement memoranda directly to Chambers no later than one (1) week prior to the settlement conference via email at njdnef_donio@njd.uscourts.gov. **These settlement memoranda shall not be electronically filed, but shall be exchanged between the parties no later than one (1) week prior to the settlement conference.**

   a. Settlement memoranda must include the following: (i) a brief description of the action, the claims and/or counterclaims asserted, and the applicable defenses and/or positions concerning the asserted claims, counterclaims, and/or defenses; (ii) a specific and current demand or offer of settlement addressing all relief or remedies sought; (iii) a brief description

    of any previous settlement negotiations (including prior settlement offers, if any), mediation sessions, or mediation efforts; and (iv) a brief delineation of any non-monetary terms and/or conditions necessary for settlement.

4. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other party representatives with **full and complete settlement authority**, as well as the principal attorneys responsible for the litigation, shall appear **in person** and remain available for the duration of the settlement conference. Counsel shall be prepared to discuss the settlement posture of the litigation, including, without limitation, any factual and/or legal nuance related to settlement.

    a. Requests to be excused from personal attendance shall be supported by **good cause**, shall address the position of opposing counsel or any unrepresented parties with respect to the request, and shall be made in writing at least three (3) days prior to the settlement conference. Any party excused from personal attendance shall remain available telephonically for the entire duration of the settlement conference.

5. **Full and Complete Settlement Authority Required**: As set forth *supra*, in addition to principal attorneys responsible for the litigation, a party or party representative with **full settlement authority** must be present for the settlement conference. In the case of a corporate entity, an authorized representative of the corporation, in addition to retained outside counsel, **must be present**. Counsel for a government entity may be excused from this requirement, provided that the government attorney who attends (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority. *See United States v. U.S. Dist. Ct. for N. Mariana Is.*, 694 F.3d 1051, 1061 (9th Cir. 2012) (noting that "district courts should take a 'practical

2

approach' in determining whether to require the government to send a representative with full settlement authority to a pretrial conference and should consider less drastic steps before doing so[]").

   a. **Full and Complete Settlement Authority**: A person who must first consult with other individuals, by telephone or otherwise, to obtain approval for any proposed settlement term or amount **does not** constitute an individual with **full settlement authority**. *See Platek v. Safeguard Props., Inc.*, No. 12-1607, 2013 WL 5357157, at *3 (W.D. Pa. Sept. 25, 2013); *Foster v. Kraft Foods Glob., Inc.*, 285 F.R.D. 343, 350 (W.D. Pa. 2012). Rather, an individual with **full and complete settlement authority** must be prepared and able to commit the party to settlement during the course of the conference and without consulting a superior. *See Marks v. United States*, No. 06-2807, 2007 WL 3333166, at *2 n.1 (S.D. Cal. Nov. 9, 2007). Consequently, this person must have "'unfettered discretion and authority' to change the settlement position of a party" since discussions during the settlement conference may alter a party's settlement position. *Id.* (quoting *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended as to the amount of sanctions, No. 02-1886, 2003 WL 23353478 (D. Ariz. Oct. 3, 2003)). Limited and/or finite authority, however, fails to suffice, and would potentially constitute a violation of this Order.

6. **Requests to Continue and/or to Adjourn Settlement Conferences**: Any application to continue and/or to adjourn any settlement conference must be presented by way of informal letter application to the Court. The application shall (1) be supported by **good cause**; (2) shall set forth, with specificity, the reason for the request; and (3) shall address the position of opposing counsel with respect to any such request. Absent extraordinary circumstances, requests for continuances shall be submitted in writing no later than seven (7) days prior to the scheduled conference.

7. If the case settles in its entirety prior to the scheduled date of the settlement conference (whether in principal or otherwise), counsel shall immediately submit a letter to the Court concerning the precise status of settlement.

8. **Counsel is on notice that failure to abide by this Order Concerning Settlement Conferences may result in the imposition of sanctions.**

                **IT IS SO ORDERED.**

                s/ Ann Marie Donio
                ANN MARIE DONIO
                UNITED STATES MAGISTRATE JUDGE

Dated: May 27, 2022